UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA MORA-VILLALPANDO,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C18-0655JLR<br><br>ORDER DENYING MOTION TO STRIKE |

## I. INTRODUCTION

Before the court is Defendants United States Immigration and Customs Enforcement ("ICE"), United States Customs and Border Protection ("CBP"), and United States Citizenship and Immigration Services's ("USCIS") (collectively, "Defendants") motion to strike portions of Plaintiff Maria "Maru" Mora-Villalpando's amended complaint. (Mot. (Dkt. # 20).) Ms. Mora-Villalpando opposes the motion. (Resp. (Dkt. # 24).) The court has considered the motion, the parties' submissions in support of and in

ORDER - 1

opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES Defendants' motion.

## II. BACKGROUND

This case arises out of Ms. Mora-Villalpando's request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2000), which she submitted to each Defendant on February 23, 2018. (Am. Compl. (Dkt. # 16) ¶ 42.) The court summarizes the FOIA statutory structure, Ms. Mora-Villalpando's FOIA requests, and the paragraphs Defendants seek to strike.

### A.  FOIA Statutory Structure

FOIA requires agencies to make records "promptly available to any person" who submits a request that reasonably describes such records and is made in accordance with the statute's filing procedures. 5 U.S.C. § 552(a)(3)(A). The agency "shall make reasonable efforts to search for the records." *Id.* § 552(a)(3)(C). Unless the information sought falls into one of the nine specified exemptions, the agency must disclose the requested information. *See id.* §§ 552(b)(1)-(9).

Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." *Id.* § 552(b)(6). Furthermore, exemption 7(C) allows an agency to withhold "records or information compiled for law enforcement purposes, but only to the extent that

//

---

[1] No party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court finds that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

1 production of such law enforcement records or information . . . could reasonably be
2 expected to constitute an unwarranted invasion of personal privacy."[2] *Id.* § 552(b)(7)(C).

3 **B.    Ms. Mora-Villalpando's FOIA Requests**

4 In her FOIA request, Ms. Mora-Villalpando sought three categories of
5 information. First, she sought records and documents pertaining to the immigration
6 enforcement actions taken against her. (*Id.* ¶ 43.) Second, she sought information
7 pertaining to immigration enforcement actions taken against other individuals who have
8 provided public statements regarding their immigration status or participated in
9 immigration rights activism. (*Id.* ¶ 44.) Third, she sought documents indicating
10 enforcement action initiated against an individual because of that individual's statements
11 to the media or involvement in immigrant rights activism. (*Id.* ¶ 45.) Ms.
12 Mora-Villalpando sought expedited processing for her request to CBP. (*Id.* ¶ 46); *see* 5
13 U.S.C. § 552(a)(6)(E)(i).

14 USCIS acknowledged receipt of Ms. Mora-Villalpando's request on March 5,
15 2018. On March 16, 2018, USCIS produced documents responsive to the first category
16 of Ms. Mora-Villalpando's requests, but not to the second or third categories. (Am.
17 Compl. ¶ 48.) Ms. Mora-Villalpando appealed USCIS's response on April 19, 2018,
18 arguing that USCIS improperly withheld documents, conducted an inadequate search,
19 //
20

---

21 [2] Ms. Mora-Villalpando raises these exemptions as potential arguments Defendants may make. (Resp. at 5-8.) Indeed, she states that ICE and USCIS "have already relied on exemptions
22 6 and 7(C) to withhold information." (*Id.* at 5.) Defendants do not dispute this contention. (*See* Reply.)

ORDER - 3

and failed to respond to the second and third categories of requests. (*Id.* ¶ 49.) USCIS denied Ms. Mora-Villalpando's appeal on May 8, 2018. (*Id.* ¶ 50.)

CBP acknowledged receipt of Ms. Mora-Villalpando's request on February 23, 2018, but did not respond further until May 15, 2018. (*Id.* ¶¶ 51-52.) On May 15, 2018, CBP informed Ms. Mora-Villalpando that it was unable to locate or identify any responsive records. (*Id.* ¶ 53.) Similarly, ICE acknowledged receipt of the requests on March 15, 2018, but did not respond further until May 30, 2018. (*Id.* ¶¶ 54, 57.) ICE produced only records responsive to the first category. (*Id.* ¶ 57.)

Based on the agencies' responses, Ms. Mora-Villalpando alleges that the agencies violated FOIA by failing to promptly conduct a reasonable search for the requested records and further failing to timely produce responsive records. (*Id.* ¶¶ 60-66); *see* 5 U.S.C. § 552(a). She seeks declaratory and injunctive relief. (Am. Compl. at 19 (Request for Relief).)

C.  **Challenged Paragraphs**

Ms. Mora-Villalpando's complaint includes several allegations about the importance of freedom of speech (*id.* ¶ 2), the current administration's animus towards immigrants and immigrant rights (*id.* ¶¶ 3-4), and the public's mistrust of Defendants (*id.* ¶¶ 9-10). For example, she alleges that the "[i]n March 2017, ICE began targeting outspoken immigration rights advocates for surveillance, retaliatory arrest, prosecution, and removal" and that ICE has since arrested or deported at least 24 high-profile activists. (*Id.* ¶ 3.) She also asserts that "government agencies are actively punishing individuals for practicing their fundamental right of free speech." (*Id.* ¶ 9.)

The complaint also includes allegations regarding her own activism against ICE practices and her removal proceedings. (*See id.* ¶¶ 5-6.) Over the past decade, she has organized "multiple local, state-wide, and international campaigns and protests in support of immigrants and immigrant detainees." (*Id.* ¶ 26; *see id.* ¶¶ 26-37.) For instance, in March 2014, she co-founded "NWDC Resistance," a grassroots movement challenging the treatment of immigrants at the Northwest Detention Center ("NWDC"). (*Id.* ¶¶ 29-30, 33-35.) She has testified before the Inter-American Commission for Human Rights ("IACHR") about the poor conditions in NWDC and organized workshops educating the immigrant community on ICE and DHS policies. (*Id.* ¶¶ 36-37.)

On December 20, 2017, Ms. Mora-Villalpando received a Notice to Appear in immigration court. (*Id.* ¶¶ 5, 38.) Her I-213 Form, which recites the basis to support removability, states that Ms. Mora-Villalpando has "extensive involvement with anti-ICE protest and Latino advocacy programs" and that she has "become a public figure." (*Id.* ¶ 5; *see also id.*, Ex. 1 (attaching Ms. Mora-Villalpando's I-213 Form).) Ms. Mora-Villalpando asserts that "ICE's enforcement actions against [her] unlawfully targeted her for her political speech." (*Id.* ¶ 6.) Thus, her request for records seeks to "shed light on the legality of Defendants' actions against her and other immigrant rights activists," a matter that she purports is of "grave public interest." (*Id.* ¶¶ 8-9.)

Ms. Mora-Villalpando names 10 other immigrant activists who were allegedly targeted by Defendants after speaking out against the country's immigration practices. (*Id.* ¶ 18 (summarizing the detention of 10 activists who were involved in various forms of activism on issues such as Deferred Action for Childhood Arrivals and migrant

workers rights).) She then reviews the public response to the alleged targeting. (*See id.* ¶¶ 21-25.) For instance, she recounts letters sent by members of Congress to ICE and DHS expressing concern about the agencies' alleged targeting. (*Id.* ¶¶ 21, 25.) She also details the Office of the United Nations High Commissioner for Human Rights and IACHR's statements that expressed concern about the alleged targeting. (*See id.* ¶¶ 22-23.) ICE spokespeople have largely denied any retaliation (*see id.* ¶¶ 10, 19-20), although at least one ICE official allegedly resigned because of how the agency handles this issue (*see id.* ¶¶ 10, 24).

The court now addresses the instant motion to strike.

### III. ANALYSIS

Defendants move to strike paragraphs 2 to 6, 8 to 10, and 18 to 41 of Ms. Mora-Villalpando's amended complaint. (Mot. at 1.) Defendants contend that those paragraphs contain allegations irrelevant to Ms. Mora-Villalpando's FOIA claim. (*See id.* at 3, 7-11.) Ms. Mora-Villalpando responds that the challenged paragraphs are relevant to the public's interest in the disclosures, a consideration that must be taken into account when determining whether Defendants have properly withheld records pursuant to exemptions 6 and 7(C). (Resp. at 5-8.) She additionally argues that the challenged allegations are relevant to whether she is entitled to attorney's fees. (*Id.* at 8.) The court agrees with Ms. Mora-Villalpando and therefore denies the motion to strike.

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A federal court will not exercise its discretion under Rule 12(f) to strike a

pleading unless the matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."[3] *Ollier v. Sweetwater Union High Sch. Dist.*, 735 F. Supp. 2d 1222, 1223-24 (S.D. Cal. 2010) (citing *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (noting that a court will not grant a motion to strike unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation")). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt*, 352 F. Supp. 2d at 1057. Furthermore, "motions to strike are rarely granted in the absence of a showing of prejudice to the moving party." *Freeman v. Alta Bates Summit Med. Ctr. Campus*, No. C 04-2019 SBA, 2004 WL 2326369, at *2 (N.D. Cal. Oct. 12, 2004).

That demanding standard leads district courts in the Ninth Circuit to disfavor motions to strike, which are "often used as a delaying tactic." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1032-33 (C.D. Cal. 2002); *see also Cruz v. Sky Chefs, Inc.*, No. C-12-03705 DMR, 2013 WL 1892337, at *6 (N.D. Cal. 2013) (collecting cases); *Hovenkotter v. Safeco Corp.*, No. C09-0218JLR, 2009 WL 6698629, at *8-9 (W.D. Wash. Aug. 3, 2009). The burden of satisfying "the stringent

//

---

[3] Defendants suggest that the "no possible relation" standard is inapplicable because the case Plaintiffs cite to support the standard involves an affidavit and not the pleading itself. (*See* Reply (Dkt. # 25) at 6 (citing *White v. Homefield Fin., Inc.*, 545 F. Supp. 2d 1159, 1163 (W.D. Wash. 2008)).) Defendants are mistaken. Ample case law in the Ninth Circuit support the application of the "no possible relation" standard when considering whether to strike portions of the pleading. *See, e.g., Vopnford v. Wellcare Health Plans, et al.*, No. C16-1835JLR, 2017 WL 3424964, at *4 (W.D. Wash. Aug. 8, 2017).

1  Rule 12(f) standard" falls on the moving party. *Ellison v. Autozone Inc.*, No. C06-07522
2  MJJ, 2007 WL 2701923, at *2 (N.D. Cal. Sept. 13, 2007).

3  Defendants have not met that stringent standard. They are correct that the
4  elements of a FOIA claim involve only whether an agency improperly withheld
5  records—a determination that generally does not entail background information about
6  why the requester wants the information or what the requester plans to do with that
7  information. (*See* Mot. at 9); *see also Mich. Immigrants Rights Ctr. v. United States*
8  *Dep't of Homeland Sec.*, No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8,
9  2017). Thus, Ms. Mora-Villalpando's assertions regarding the context in which she
10 requests the information are irrelevant to whether Defendants conducted a reasonable
11 search for the records. *See Mich. Immigrants Rights Ctr.*, 2017 WL 2471277, at *3.

12 But a FOIA claim also involves the analysis of whether any statutory exemptions
13 apply, such that an agency may properly withhold records. *See* 5 U.S.C.
14 §§ 552(b)(1)-(9). Specifically, exemptions 6 and 7(C) both require "a balancing of the
15 individual's privacy interest against the public interest in disclosure." *Lissner v. U.S.*
16 *Customs Serv.*, 241 F.3d 1220, 1223 (9th Cir. 2001); *see also Forest Serv. Emps. for*
17 *Envtl. Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1024 n.2 (9th Cir. 2008) (stating that
18 the balancing for exemption 6 "mirrors that which applies under [e]xemption 7(C)"). In
19 conducting the balancing test, the court must consider "the nature of the requested
20 document[s]" and the importance of "open[ing] agency action to the light of public
21 scrutiny." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749,
22 772 (1989). When the public interest asserted is to show that officials acted improperly,

the requester must produce evidence that "would warrant a belief by a reasonable person that the alleged [g]overnment impropriety might have occurred." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004).

In light of the showing Ms. Mora-Villalpando must make regarding exemptions 6 and 7(C), Defendants fail to satisfy their burden of showing that the challenged paragraphs have "no possible relationship to the controversy." *See Ollier*, 735 F. Supp. 2d at 1223-24. The court makes clear that it is not ruling on the admissibility at trial of any evidence supporting these allegations, at which time the prejudicial nature of that evidence would carry more weight. At the motion to strike stage, the allegations in question—such as the administration's purported animus towards immigrants, Defendants' past detention of immigration activists, Defendants' representations and congressional interest in the issue, and Ms. Mora-Villalpando's own activism and removal proceedings—bear on the public interest in disclosing alleged government impropriety, which in turn is relevant to the analysis under exemptions 6 and 7(C). *See Favish*, 541 U.S. at 174. Indeed, one challenged allegation expressly states that the requested information pertains to "the legality of Defendants' actions," which is a matter of "grave public interest." (Am. Compl. ¶¶ 8-9.) As Ms. Mora-Villalpando argues, the allegations "provide necessary context for the heightened public interest concerns involving potential government wrongdoing."[4] (Resp. at 7.) Tellingly, Defendants

//

---

[4] Because the allegations relate to an issue in this case, the sources that Ms. Mora-Villalpando cites are similarly material. (*See* Mot. at 10 n.6.) Thus, the court declines to strike the third-party source material cited in the amended complaint.

proffer no argument about the allegations' potential relevancy to exemptions 6 and 7(C). (*See* Mot.; Reply.)

The challenged assertions are also relevant to Ms. Mora-Villalpando's entitlement to attorney's fees. Courts consider a number of equitable factors to determine whether a party is entitled to fees, including the public benefit resulting from the FOIA disclosures and the nature of the party's interest in the disclosed records. *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016). Ms. Mora-Villalpando's assertions regarding the context and expressed public interest in the issue, as well as her removal proceeding, bears on the public benefit and her own interest in disclosing the requested records. Again, Defendants offer no argument otherwise.[5] (*See* Mot.; Reply.)

Defendants rely on *Michigan Immigrants Rights Center v. United States Department of Homeland Security* as support that other courts in similar circumstances grant the motion to strike immaterial allegations. (*See* Mot. at 8, Reply at 7.) But in *Michigan Immigrants Rights Center*, the court explicitly found that the challenged assertions were irrelevant to "whether any exemptions apply." 2017 WL 2471277, at *3. Nor did the court consider the relevancy of the challenged assertions to the plaintiff's entitlement to attorney's fees. *See id.* The case at hand presents different circumstances.

//

---

[5] The only argument Defendants proffer regarding the exemptions and the attorney's fees is that Ms. Mora-Villalpando may raise these arguments "at an appropriate time." (Reply at 7; *see id.* at 7, n.5.) But in making such an argument, Defendants essentially concede that the allegations are indeed related to Ms. Mora-Villalpando's FOIA claim. That is, Defendants agree that at some point, it will be proper for Ms. Mora-Villalpando to invoke the challenged allegations, which necessarily means that those challenged allegations have some bearing on the subject of the litigation. *See Platte Anchor Bolt*, 352 F. Supp. 2d at 1057 (granting a motion to strike when the assertions "could have no possible bearing on the subject of the litigation").

Thus, unlike *Michigan Immigrants Rights Center*, the court declines to strike the challenged assertions.[6]

Because the challenged paragraphs in Ms. Mora-Villalpando's amended complaint "might bear on an issue in the litigation"—specifically the applicability of FOIA exemptions and her entitlement to attorney's fees—the court denies Defendants' motion. *See Platte Anchor Bolt*, 352 F. Supp. 2d at 1057.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion to strike (Dkt. # 20).

Dated this 23 day of July, 2018.

JAMES L. ROBART
United States District Judge

---

[6] Defendants' other cited case is equally distinguishable. (*See* Mot. at 10 (citing *Robert v. Dep't of Justice*, No. 05-CV-2543NGGETB, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005); Reply at 5.) In *Robert v. Department of Justice*, the plaintiff presented a 52-page long complaint with 200 paragraphs. 2005 WL 3371480, at *11. As in *Michigan Immigrants Rights Center*, the allegations had no bearing on any exemptions. *See id.* Moreover, the court commented that the "prolix and argumentative nature of these allegations render the document as a whole 'unintelligible.'" *Id.* (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). The same is not true of Ms. Mora-Villalpando's pleading.

ORDER - 11