The Honorable James L. Robart

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Maria Mora-Villalpando,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. Immigration and Customs Enforcement and U.S. Customs and Border Protection, and U.S. Citizenship and Immigration Services,<br><br>  Defendants. | CASE NO. C18-655-JLR<br><br>JOINT STATUS REPORT |

The parties hereby file this Joint Status Report as required by the Court's Order on the parties' previous joint status report (Dkt. #55). The Court ordered the parties to provide a joint status report within two months concerning their progress with the Court's rulings.

With respect to the Second Request, U.S. Immigration and Customs Enforcement ("ICE") is conducting a search of the Office of Principal Legal Advisor ("OPLA") Case Management System ("OCMS PLAnet") as ordered by the Court. The parties agreed to search terms on December 6, 2019. No production schedule has been set.

JOINT STATUS REPORT
C18-655-JLR - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Below the parties provide separate statements with respect to the Third Request and searches in EDMS where their positions diverge. Following the summary judgment order, the parties agreed to a modified Third Request with specific search terms. The Third Request would require searches of I-213 forms based on the agreed upon search terms.

<u>Plaintiff</u>: Parties diverge on two issues.

First, Plaintiff takes the position that Defendant must search both the EDMS database and the OCMS PLAnet OPLA database for records responsive to the Third Request. The summary judgment order expressly agrees with Plaintiff's argument that "because A-Files contain I-213 forms and other key information tied to enforcement operations, [the OCMS database] is likely to contain records responsive to the Second and *Third Requests*." *See* Summary Judgment Order (Dkt. #52) at 22 n.10 (emphasis added) (citations omitted). Accordingly, Plaintiff requests that Defendant be ordered to search the OPLA database for records responsive to the Third Request.

Second, Defendants now take the position that a search of EDMS as was initially envisioned is not feasible because EDMS is a legacy database in the process of being decommissioned, the project to digitize records in the database stopped in 2016, and that it is not keyword searchable. Defendant proposed an alternative search to address these issues. The assertions that the EDMS database is a legacy database and that it is not keyword searchable are contradicted by several publicly available documents issued by DHS. According to a DHS' System of Records Notices ("SORN"), EDMS is specifically designed to be key word searchable. The SORN specific to EDMS states that the "[d]igitized A-files maintained in EDMS can be searched and retrieved . . . "[t]hrough a full text-based search of records contained in the digitized A-File (based on optical character recognition of the scanned images)." 76 Fed. Reg. at 34239 (June 13, 2011); *see also* Summary Judgment Order (Dkt. #52) at 20. Additionally, multiple DHS privacy impact assessments post-

JOINT STATUS REPORT
C18-655-JLR - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2016 reference EDMS as a database that is currently in use. *See, e.g.*, DHS/USCIS/PIA-003(b) - Integrated Digitization Document Management Program (IDDMP) (February 2017) at 2, available at https://www.dhs.gov/sites/default/files/publications/privacy-pia-uscis-003-b-iddmp-april2017.pdf; DHS/USCIS/PIA-008(a) - Privacy Impact Assessment for the Enterprise Service Bus 2 (ESB 2) (March 2019) at 2, available at https://www.dhs.gov/sites/default/files/publications/privacy-pia-008a-USCIS-ESB2-March2018.pdf.

Therefore, Plaintiff cannot agree with Defendant's proposal without further clarification of these seeming contradictions between DHS documents and Defendant's position. While parties have discussed these matters, given the highly technical issues involved, Plaintiff requests that Defendant provide a declaration by an expert explaining why the searches cannot be made and if EDMS is a legacy database, where I-213s are stored digitally.

Defendant:

Regarding the first issue plaintiff has identified, ICE disagrees that it is required to search the OCMS PLAnet database for I-213 forms. The Court has already ruled on the parties' cross-motions for summary judgment regarding the scope of the search. That order addressed plaintiff's three FOIA requests.[1] The Court noted that the Second Request "sought documents related to ICE enforcement operations against other activists and individuals who speak out to the media" including guidance, policy statements, directives and similar documents. Dkt. #52 (the "Order") at p. 4-5. Plaintiff's Third Request sought I-213 forms. *Id.* at p. 5 ("The third part of Ms. Mora-Villalpando's FOIA request sought I-213 forms pertaining to other activists and individuals who speak out of the

---

[1] The First Request is not at issue.

JOINT STATUS REPORT
C18-655-JLR - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

media ('Third Request')"; *see also* Dkt. #16 (First Amended Complaint) at ¶ 45 (setting forth the Third Request, which sought "Copies of any I-213s ....").

After considering extensive briefing and declarations, the Court did not order ICE to search OCMS PLAnet for copies of I-213 forms or for her Third Request. Instead, the Court ordered "ICE to perform additional searches for documents responsive to Ms. Mora-Villalpando's *Second Request* in the EDMS and OPLA databases as described herein." Order at p. 29 (emphasis added). With respect to the Third Request (for I-213 forms), the Court found that the request did not reasonably describe what was sought, and stayed the proceedings to allow the parties an opportunity to work out a revised Third Request. *Id.* The Court's order went on to state, "Assuming the parties are able to do so, the court ORDERS Defendants to conduct a reasonable search for the revised Third Request in the EDMS database." *Id.* Nowhere in the order did the Court require ICE to search the OCMS PLAnet database for the Third Request.

In addition to the Conclusion section of the order, other portions of the order demonstrate that the Court ordered ICE to perform an additional search of the OCMS PLAnet database only for the Second Request. Plaintiff cites to footnote 10 of the Court's order, but that footnote is in the section of the order regarding the Second Request, not the Third Request. Order at p. 22 n. 10. In the body of the order where the footnote appears, the Court made findings regarding the Second Request. *Id.* at p. 22; *id.* at p. 24 ("In sum, the court concludes that ICE's search for documents responsive to Ms. Mora-Villalpando's Second Request was reasonable except for its failures to search the EDMS database and to conduct keyword searches of OPLA's databases as described above" and ordered ICE to perform additional searches "responsive to Ms. Mora-Villalpando's Second Request in the EDMS and OPLA databases as described."). Thus, the Court did not order

JOINT STATUS REPORT
C18-655-JLR - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

defendants to search the OCMS PLAnet database for the Third Request. Plaintiff's belated request that the Court now alter and expand its order is essentially an untimely motion for reconsideration.

Moreover, apart from the fact that the Court's summary judgment ruling did not require a search for I-213 forms in OCMS PLAnet, a search of that database would not be reasonable. OCMS PLAnet is a case management system that primarily houses immigration case specific information. Dkt. #45-1 at ¶ 38, 39. OCMS PLAnet does not house A-files. Instead, A-files reside with USCIS, who is the custodian for and houses A-Files, and final I-213 forms are stored in individual A-files. Dkt. # 50 at ¶ 7. While it is possible that some I-213 forms are in OCMS PLAnet, such as exhibits to specific immigration case filings, OCMS PLAnet is not the repository for those forms. FOIA does not require agencies to search all places where documents might be. *See, e.g.*, Order at p. 23. Instead, ICE is required to conduct a reasonable search, as it has done as detailed in the summary judgment briefing and declarations. ICE is also searching OCMS PLAnet for over 250 search strings per the Court's order with search terms requested by the Plaintiff and agreed upon by the parties for plaintiff's Second Request. Therefore, ICE is conducting a reasonable search, and no additional search should be required.

Regarding the second issue plaintiff raised, USCIS agrees to provide a declaration as plaintiff has requested from a knowledgeable person who will explain the difficulties with conducting the searches in EDMS.

To keep the Court apprised, the parties propose to provide the Court with another Joint Status Report within 60 days of this Joint Status Report, unless the Court orders otherwise.

//

//

//

JOINT STATUS REPORT
C18-655-JLR - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Dated this 24th day of January, 2020.

        /s/ Khaled Alrabe
Khaled Alrabe, NY Bar Reg. 5542311
(admitted *pro hace vice*)
National Immigration Project
 of the National Lawyers Guild
89 South St. Suite 603
Boston, MA 02111
Ph.   (617) 412-6794
Em.  khaled@nipnlg.org

        /s/ Devin T. Theriot-Orr
Devin T. Theriot-Orr, WSBA #33995
OPEN SKY LAW, PLLC
20415 72nd Ave. S., Ste. 110
Kent, WA 98032
Ph.   (206) 962-5052
Fax  (206) 681-9663
Em.  devin@opensky.law


BRIAN T. MORAN
United States Attorney

s/ Brian C. Kipnis
BRIAN C. KIPNIS, CA SBA #105161

s/ Sarah K. Morehead
SARAH K. MOREHEAD, WSBA #29680
Assistant United States Attorneys
Office of the United States Attorney
Suite 5220, United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4073
Email: brian.kipnis@usdoj.gov
Email: sarah.morehead@usdoj.gov

JOINT STATUS REPORT
C18-655-JLR - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ORDER**

The parties will submit another joint status report within 60 days of the date of this order.

Dated this 5th day of February, 2020.

James L. Robart
United States District Judge

JOINT STATUS REPORT
C18-655-JLR - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970